1   JOHN C. ULIN (State Bar No. 165524)
    John.Ulin@aporter.com
2   JAMES S. BLACKBURN (State Bar No. 169134)
    James.Blackburn@aporter.com
3   ERIC D. MASON (State Bar No. 259233)
    Eric.Mason@aporter.com
4   ARNOLD & PORTER LLP
    777 South Figueroa Street, 44th Floor
5   Los Angeles, California  90017-5844
    Telephone: (213) 243-4000
6   Facsimile:  (213) 243-4199
7
    *Attorneys for Plaintiffs*
8
9                   UNITED STATES DISTRICT COURT
10                 CENTRAL DISTRICT OF CALIFORNIA
11                       WESTERN DIVISION
12  SWEET PEOPLE APPAREL, INC.      )  Case No.: 11-Civ-06849 (SVW)
    d/b/a MISS ME, a California     )  (FFMx)
13  corporation and RCRV, INC. d/b/a )
    ROCK REVIVAL, a California      )  Hon. Stephen V. Wilson
14  corporation.                    )
                                    )  [~~PROPOSED~~] STIPULATED
15               Plaintiffs,        )  PROTECTIVE ORDER FOR
                                    )  CONFIDENTIAL TREATMENT OF
16      v.                          )  DOCUMENTS OR INFORMATION
                                    )
17  LA IDOL FASHION, INC., a California )  Amended Complaint Filed:  September
18  corporation,                    )  16, 2011
                                    )
19               Defendant.         )  Trial Date:   March 9, 2012
                                    )
20                                  )
                                    )
21                                  )
                                    )
22                                  )
                                    )
23                                  )
                                    )
24                                  )
                                    )
25  _____)
26
27
28

In connection with the production of confidential documents and other confidential information in this action, the parties, through their respective counsel, hereby enter into this Stipulated Protective Order for Confidential Treatment of Documents or Information (the "Stipulated Protective Order").

**Statement of Good Cause:**  This action involves claims for, among other things, copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1053, *et. seq.*, and common law trademark infringement and unfair competition under California law.  The parties are variously designers, distributors, suppliers, manufacturers, vendors, and retailers of jeanswear and other casual apparel items.  The parties therefore recognize that discovery requesting information from the parties, their vendors, customers and clients, including financial information, market information and other commercially and competitively sensitive information may be necessary to prove and/or disprove Plaintiffs' claims and Defendant's claims and defenses.  There will also be depositions of the parties' employees or agents and third party vendors, customers or clients, and such persons will likely be asked questions on these potentially sensitive subject areas.   The parties will likely be placed at a competitive or economic disadvantage if such confidential and/or proprietary information is disclosed to other parties and/or the public at large.  This protective order is therefore necessary to avoid any prejudice or harm in the form of loss of competitive advantage which would likely result if such information was disclosed in the absence of the protections set forth herein.  This Order is also necessary for the orderly management of this litigation.  Without this Order, the exchange of party information, as well as information potentially needed from third parties, including most importantly the parties' manufacturers, vendors, suppliers, customers or retailers may become logistically very difficult, time consuming and expensive.

**Exercise of Restraint and Care in Designating Material for Protection**: Each Party or non-party that designates documents or information for protection under

**STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF DOCUMENTS OR INFORMATION**

this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A designating party must take care to designate for protection only the documents or information that qualifies.  In that regard, mass and/or indiscriminate designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the designating party to sanctions.

**A.     Definition of "Confidential Information" and "Confidential - Attorneys' Eyes Only"**

1.     "Confidential Information," as used herein, means all information in whatever form, such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that:

a.     is protected as a "Trade Secret" under the Uniform Trade Secrets Act, California Civil Code section 3426, *et. seq.*, as defined at section 3426.1(d): "[I]nformation, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstance to maintain its secrecy"; or

b.     is otherwise regarded by a party as being confidential, private, or proprietary in nature, including for example personal and private information regarding individuals such as personnel records; and

c.     as illustrative examples only, the parties anticipate that the following descriptive categories will be designated as Confidential Information under this Order, including, but not limited to, employee records and information, customer lists, and proprietary fabric/style specifications and unpublished designs.

**STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF DOCUMENTS OR INFORMATION**

2.     "Confidential - Attorneys Eyes Only" as used herein, means Confidential Information that consists of Trade Secrets as defined in the California Trade Secrets Act and are (1) current business plans; (2) sales and financial projections; (3) financial information of the parties, including profit margins, sales and cost data, profits, and retail sales summaries, vendor lists, order summaries, confidential contracts; and (4) customer lists.

3.     Confidential Information is unlimited in kind or form and includes, by way of example only and without limitation thereto, information relating to the following: any products, designs, specifications, tests, plans, studies, surveys, manufacture, distribution, marketing, promotion, advertisement, sales, opportunities, vendors, customers, financial matters, costs, sources, prices, profits, research, development, analysis, know-how, show-how, personnel, strategies, or competition.

**B.     Production of Confidential Information**

1.     All efforts by any party or witness in this matter to designate any information as "Confidential" or "Confidential-Attorneys' Eyes Only" shall be governed by the terms of this Order.  The party by whom any disclosure is made is the "Disclosing Party" and the party to whom any disclosure is made is the "Receiving Party."  By receiving any property designated as "Confidential" or "Confidential-Attorneys' Eyes Only," the Receiving Party agrees not to disclose, publish, disseminate, or use, other than as expressly permitted herein, any such property and will assure that all reasonable efforts are made to prevent any unauthorized use, disclosure, publication or dissemination of such property.

2.     All Confidential Information produced by the Disclosing Party to the Receiving Party in whatever form (*e.g.*, documents, materials, things, testimony or other information) during the course of this matter shall be designated "Confidential" or "Confidential-Attorneys' Eyes Only" in accordance with the terms of this Order, infra, prior to disclosure, by use of a reasonably conspicuous and prominent mark.  In the case of documents, the mark shall be on every page.

**STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF DOCUMENTS OR INFORMATION**

### C.   Levels of Confidentiality

Any information designated as "Confidential" or "Attorneys' Eyes Only" shall be restricted in accordance with the following levels of confidentiality:

1.   "Attorneys' Eyes Only" — Information designated as "Attorneys' Eyes Only" shall be restricted to viewing, or copying by, and disclosure to:

       a.   Attorneys acting on behalf of the parties in this matter

       b.   In-house counsel for the parties;

       c.   One officer or director of each party who has a need to know the information to assist counsel with the litigation;

       d.   The office personnel employed by the counsel working under the direct supervision of said counsel;

       e.   The United States District Court for the Central District of California and all clerks and other personnel in the United States District Court for the Central District of California, before which this action is pending; and

       e.   Experts and consultants necessarily retained by counsel of record in this litigation, but only if these experts and consultants comply with this agreement in full and read, sign, and agree to be bound by all of its terms.

2.   "Confidential" — Information designated as "Confidential" shall be restricted to viewing, copying by, and disclosure to:

       a.   All "Attorneys' Eyes Only" persons; and

       b.   All employees, officers, and directors of each party of record who have a need to know the information to assist counsel in connection with the litigation.  It is not necessary that each such person sign this order, provided that the Receiving Party has previously notified all employees, officers, and directors

1    of the existence of this order, its terms, and the consequences

2    of an unauthorized disclosure.

3        3.    Documents marked Attorneys' Eyes Only may be shown to the

4    persons identified in Paragraphs C(1)(b) & (c) only upon the following conditions:

5        a.    If, within three (3) business days of receiving a written

6    request by the requesting party (the "Requesting Party") to

7    disclose documents marked Attorneys' Eyes Only to any of

8    the individuals set forth in Paragraphs (C)(1)(b) or (c), the

9    producing party (the "Producing Party") consents to the

10   request or otherwise fails to respond to such request within

11   three business days of the receipt thereof;

12       b.    If the Producing Party objects or fails to respond to the

13   request made pursuant to Paragraph C(3)(a) within three (3)

14   business days of receipt of a written request by the

15   Requesting Party, then the contested Attorneys' Eyes Only

16   documents shall not be disclosed to any individual identified

17   in Paragraphs (C)(1)(b) or (c) absent a court order allowing

18   such disclosure.  A joint motion pursuant to Local Rule 37

19   seeking such disclosure shall be filed on an expedited basis

20   within five (5) business of the Requesting Party's notice of

21   its intent to file such a motion.  No supplemental

22   memorandum pursuant to Local Rule 37-2.3 shall be filed in

23   connection with such motion, and the motion shall be made

24   with a joint request that the Court rule on such motion within

25   five days of its receipt.

26       c.    In the event that documents marked Attorneys' Eyes Only

27   are disclosed to any of the individuals set forth in Paragraphs

28   (C)(1)(b) or (c) in accordance with this Stipulated Protective

STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF DOCUMENTS OR INFORMATION

Order, such individuals shall read this Stipulated Protective
Order and agree to be bound by all of its terms by executing
Exhibit A hereto.

**D.     Depositions**

1.     Any party may designate testimony on oral deposition as "Confidential" or "Attorneys' Eyes Only". The designation of such testimony shall be made at any point during the deposition by so stating on the record and identifying the level of protection desired.

2.     Once testimony has been designated as "Confidential" or "Attorneys' Eyes Only", only the following persons shall be present for the answer:

a.     Persons authorized under this Order;

b.     The deponent; and

c.     The reporter and videographer.

3.     Each court reporter and videographer participating in any deposition shall be provided with a copy of this Order and shall adhere to its provisions. Each court reporter must separately bind those portions of deposition transcript and related exhibits deemed confidential and shall further separate into separate bound deposition transcripts–by the various levels of confidentiality–and shall thereon place a reasonably conspicuous and prominent designation on the first page of each such bound transcript or exhibits.

4.     A deponent and/or party shall have until seven (7) days after receipt of a deposition transcript to designate additional portions of the transcript under this Order.

5.     Each party shall cause each copy of the transcript in its custody or control or that comes into its custody or control to be immediately marked as designated.

6.      Prior to the expiration of seven (7) days, a deposition transcript and/or the substance of a deponent's answers may be disclosed only to those persons authorized to receive items designated as "Attorneys' Eyes Only" and the deponent.

**E.      Items Filed with the Court**

If a party or any other person subject to this order wishes to file or lodge with the Court any document that contains or attaches any Confidential Information, or any document that contains, reflects or summarizes Confidential Information, that party or person shall comply with the procedures set forth in Local Rule 79-5.1 of the Local Rules of the United States District Court for the Central District of California [Filing Under Seal - Procedures].

**F.      Inadvertent Disclosure**

1.      The inadvertent or unintentional disclosure of "Confidential" or "Attorneys' Eyes Only" information, regardless of whether the item was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of protection under this Order either as to the specific information disclosed therein or on the same or related subject matter, provided that the party later asserting a claim of protection informs the opposing parties of its claim within a reasonable time.

2.      If notified of the inadvertent or unintentional disclosure of Confidential Information as described in the above paragraph, the Receiving Party shall promptly sequester and protect any protected information identified by the Disclosing Party to have been inadvertently or unintentionally disclosed to the Receiving Party upon being notified of the Disclosing Party's claim of protection.  If the Receiving Party disclosed the protected information before being notified of the Disclosing Party's claim of protection, it must take reasonable steps to retrieve the item for destruction, sequestering, or return to the Disclosing Party.

**STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF DOCUMENTS OR INFORMATION**

### G.    Acknowledgment of Order

Each person required by this Order to sign a statement agreeing to be bound by the Order must sign the statement set forth in Exhibit A to this Order and deliver the executed statement to the Disclosing Party.

### H.    Agreement of Parties to Order

All parties to this action, their counsel, and all other persons subject to this Order shall be bound by this Order and shall abide by all of the terms of this Order until otherwise ordered by the United States District Court for the Central District of California, or by written notice releasing them from the respective obligations received from the pertinent Disclosing Party.

This Protective Order is not intended to govern the use of Confidential Information at any trial of this action.  Questions of the protection of Confidential Information during trial will be presented to the Court and the Designating Party prior to or during trial as each party deems appropriate.

### I.    Continuing Effect of Order

Unless counsel agrees otherwise in writing, within ninety (90) days of the final disposition of this action, whether by final adjudication on the merits, including any appeals, or by other means, the attorneys for the parties shall return promptly to the Disclosing Party from whom they were obtained, all documents, other than attorney work-product, which constitute or include material that has been designated "Confidential" or "Confidential - Attorneys Eyes Only," or destroy same, and return or destroy all copies made thereof, including all documents, or copies provided by a Receiving Party to any other person.  At the conclusion of the 90-day period, counsel for each party shall represent in writing under penalty of perjury that to his or her knowledge and belief the party has either returned or destroyed all Confidential Material in accordance with this order.  Notwithstanding the foregoing, counsel for the parties shall be permitted to retain a file copy of materials created during the course of the litigation, or made part of the record, or which have been filed under seal with the

Clerk of the Court and a copy of all depositions, including exhibits, and deposition evaluations.  Such file copies containing Confidential Information must be maintained under the conditions set forth in this order for such designated materials.

**J.     Additional Relief**

No party is prevented from seeking relief not provided by this Order, or otherwise seeking relief from the United States District Court for the Central District of California, as may be appropriate to protect its interests or otherwise prepare this matter for trial.

**K.     Challenging Designation of Materials**

1.     Any Receiving Party disagreeing with the designation of any document or information as "Confidential" or "Attorneys' Eyes Only" shall notify the Disclosing Party in writing.  The Disclosing Party shall then have a reasonable period, not exceeding five (5) court days, from the date of receipt of such notice to advise the Receiving Party in writing (1) whether or not the Disclosing Party persists in such designation; and (2) if the Disclosing Party persists in the designation, to explain the reasons for the particular designation.  The Receiving Party may then, after advising the Disclosing Party in writing, move the Court for an order removing the particular designation and replacing it with a different designation or no designation.  The procedure detailed in this paragraph is deemed to comply with the meet and confer process required by Rule 37 of the Local Rules of the United States District Court for the Central District of California.  The parties do not have to meet in person on this issue.  Thereafter, the parties shall comply with the requirements of Rule 37 of the Federal Rules of Civil Procedure and Rule 37 of the Local Rules of the United States District Court for the Central District of California governing discovery motions.  The Designating Party who asserts that the document or information is "Confidential" or "Attorneys' Eyes Only" shall have the initial burden of proving that the designation is proper.  Information designated "Confidential" or "Attorneys' Eyes Only" by a Disclosing Party shall be treated as such by a Receiving Party unless otherwise agreed

**STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF DOCUMENTS OR INFORMATION**

to by the parties or otherwise ordered by the Court or by any appellate court, should appellate review be sought.

2.     The failure of a Receiving Party to challenge expressly a claim of confidentiality or the designation of any document or information as "Confidential" or "Attorneys' Eyes Only" at the time of disclosure shall not constitute a waiver of the right to assert at any subsequent time that the same is not in fact confidential or not appropriately designated for any reason.

3.     Except as set forth in Paragraph 1 above regarding the "meet and confer" procedure for challenging the designations of any materials under the Order, Local Rule 37 governs the procedure for resolving any disputes related to this Protective Order.

**L.     Use for This Litigation Only**

1.     Items designated under this Order shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action.

2.     In the event that any party and/or recipient of Confidential Information pursuant to this Order is served with subpoena, legal process, order, or otherwise requested to disclose any Confidential Information (the "Disclosing Entity") by any person or entity not covered by this Order, including, without limitation, other insurance carriers, state, local or federal agencies, or litigants in other litigation (the "Requesting Entity"), the Disclosing Entity shall give notice thereof, by telephone and facsimile, as soon as practicable but in any event sufficiently prior to the requested disclosure to afford an opportunity to intervene for any party who may be adversely affected by the disclosure except to the extent that such notice is precluded by law. The party asserting the confidential treatment of the Confidential Information shall have the burden of defending against any such subpoena, legal process or order.

**M.     Prior Orders**

This Stipulated Protective Order shall not affect any prior order of the Court.

**STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF DOCUMENTS OR INFORMATION**

**N.      Execution and Counterpart**

This Stipulated Protective Order may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures or any party upon the signature page of this Stipulated Protective Order shall be binding upon the parties hereto and may be submitted as though such signatures were original signatures.

**O.      Submission to Court**

The Parties agree to submit this Protective Order to the Court for adoption as an order of the Court.  The Parties reserve the right to seek, upon good cause, modification of this Protective Order by the Court.

**IT IS SO ORDERED.**

Date:  December 16, 2011                             /S/ FREDERICK F. MUMM
                                                                  Honorable Frederick F. Mumm
                                                                  **United States Magistrate Judge**

**STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF DOCUMENTS OR INFORMATION**

# **EXHIBIT A**

**UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Sweet People Apparel, Inc. d/b/a Miss Me and RCRV, Inc. d/b/a Rock Revival v. LA Idol Fashion, Inc.*, No. CV-11-06849 (SVW) (FFMx).

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:        _____, 2011

City and State where sworn and signed:        _____

Signed:        _____        _____
                    [Print Name]                           [Signature]

**STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF DOCUMENTS OR INFORMATION**